■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM HENRY ST. LOUIS, JR., Appellant.— Appeal from an order of the Supreme Court at Special Term which denied an applicatioin in the nature of a writ of error *coram nobis* to vacate a judgment of conviction. Appeal dismissed, on the ground that the Supreme Court was without jurisdiction; order vacated; and matter remitted to the County Court of Clinton County for appropriate disposition. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur.

■ In the Matter of NORBERT MAC MILLAN, Petitioner, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles, Respondent.— MEMORANDUM BY THE COURT. In this article 78 proceeding, the petitioner seeks to review a determination of the Commissioner of Motor Vehicles which suspended his license for 30 days. A tractor trailer was being operated in a northerly direction on Route 30 — a two lane blacktop highway — and while rounding a sharp curve was in a collision with the automobile of the petitioner. The petitioner, due to his injuries, was unable to give any substantial evidence as to the happening of the accident except that he was of the impression that the tractor trailer was on his side of the road prior to the collision. A witness who had been a swimming companion early in the evening testified that upon examination of the road the following day, she saw marks of the tractor trailer on the petitioner's side of the road. The operator of the tractor trailer testified that his vehicle was on its own side of the road at all times and that the petitioner's automobile struck the trailer in the left rear. He testified, as did a State Trooper, that the contents of the radiator and pieces of petitioner's automobile, after the collision, were on the wrong side of the road. The trooper further testified that the tire marks made by the tractor trailer were on its own side of the road and at the point of collision approximately two feet from the double center line. The State Trooper was a disinterested witness. His testimony consisted of relating what he did in making an official investigation of the accident. He also prepared a diagram of the scene of the accident. The evidence sustains the Referee's factual finding that the collision was caused as a result of the petitioner's automobile being on the wrong side of the road. Determination confirmed, without costs. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by the court.